**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**WAYCROSS DIVISION**

ALAN WHEELER,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-73

## O R D E R

This matter is before the Court on Defendant's Motion to Stay Rule 26 Deadlines and Discovery on September 11, 2015. (Doc. 9.) On September 25, 2015, Plaintiff filed a Response opposing Defendant's Motion. (Doc. 12.) After careful consideration and for the reasons stated below, Defendant's Motion to Stay is **DENIED**.

### BACKGROUND

Plaintiff originally filed this slip and fall action in the Superior Court of Ware County. Defendant removed the case to this Court on September 9, 2015. (Doc. 1.) On that same date, Defendant filed a Motion to Dismiss Count Four of the Complaint which alleges that Defendant violated the Americans with Disabilities Act ("ADA") and O.C.G.A. § 30-40-2. (Doc. 8.) Through that Motion, Defendant argues that Plaintiff's proposed modifications are not reasonable or necessary and that they would place an undue burden on Defendant, would fundamentally alter the nature of Defendant's services and accommodations, and do not constitute cognizable claims under the ADA and Georgia law. (Doc. 8-1.)

Defendant then filed a Motion to Stay all discovery deadlines on September 11, 2015. (Doc. 9.) Defendant argues that allowing the parties to engage in discovery while the Motion to Dismiss is pending will cause the parties unnecessary trouble and expense. Id. Plaintiff has filed a response in opposition to Defendant's Motion. (Doc. 12.) Plaintiff contends that even if his ADA claims are dismissed, the parties will still have to engage in discovery on the remaining counts and that the ADA claims do not significantly alter the scope of discovery.

**DISCUSSION**

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). Consequently, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

However, courts typically base the stay of discovery on a finding that the motion to dismiss could dispose of the entire case or significantly alter the scope of discovery. "'A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. In this regard, the Court must take a 'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" Massey v. Fed. Nat. Mortgage Ass'n, No. CV412-102, 2012 WL 3685959, at *1 (S.D. Ga. Aug. 24, 2012) (quoting McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

A preliminary review of Defendant's Motion to Dismiss indicates that even if it is granted, it will not significantly alter discovery in this case. Defendant only seeks dismissal of Plaintiff's claims under the ADA and O.C.G.A. § 30-40-2. These claims will not unduly enlarge the scope of discovery. As Defendant states in the instant Motion,"[t]he Motion to Dismiss involves minimal issues of fact." (Doc. 9, p. 2.) The most fact-intensive issues in this case, and, thus, those likely to lead to the most discovery, are the circumstances surrounding Plaintiff's fall in Defendant's store. Regardless of the outcome on the Motion to Dismiss, the parties will have to conduct discovery on these issues, and it behooves them to do so efficiently. Additionally, many of the facts surrounding Plaintiff's ADA claims are likely intertwined with Plaintiff's other claims.

Lastly, the Court disagrees with Defendant that a stay will not cause any harm or prejudice. (See Doc. 9, p. 5.) A stay of discovery would necessarily involve the prejudice inherent in a delay in litigation. See Fed. R. Civ. P. 1 (Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding") (emphasis supplied). Furthermore, the passage of time frequently fades witnesses' memories and can make it more

difficult to locate key witnesses and evidence. The incident giving rise to this case occurred nearly nine months ago, and this lawsuit has been pending for three months. Thus, it will benefit all parties to begin discovery expeditiously.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay is **DENIED**. The Court will issue a Scheduling Order in this matter.

**SO ORDERED**, this 29th day of October, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA