# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

ALAN WHEELER,

    Plaintiff,

v.      CV 515-73

WAL-MART STORES EAST, LP,

    Defendant.

## ORDER

Presently before the Court is Defendant Wal-Mart Stores East, LP's ("Defendant") fully briefed Motion to Dismiss. See Dkt. Nos. 8, 11, 14. In its Motion, Defendant seeks a dismissal of only count four of Plaintiff Alan Wheeler's ("Plaintiff") Complaint filed against it in this action. Dkt. No. 8-1. For the reasons that follow, Defendant's Motion (dkt. no. 8) is **GRANTED**.

## BACKGROUND

On several occasions prior to March 2015, Plaintiff, who is blind, visited Defendant's store in Waycross, Georgia, and Defendant allegedly provided him with a manual wheelchair to assist him while shopping. Dkt. No. 1 ("Pl.'s Compl."), ¶¶ 6-8. On March 3, 2015, Plaintiff called the store to ask whether

there would be a manual wheelchair for him to use that day, and one of Defendant's employees allegedly assured him that a manual wheelchair would be available for him immediately upon his arrival. Id. at ¶¶ 9, 11. According to Plaintiff, he relied on the employee's representation and secured a transportation service to take him to the store. Id. at ¶ 12.

However, Plaintiff asserts that upon arriving at Defendant's store, he learned that there was not, in fact, a manual wheelchair for him to use. Id. at ¶ 13. Defendant's staff offered Plaintiff an electric shopping scooter, which Plaintiff was unable to safely operate due to his blindness. Id. at ¶ 14. Plaintiff attempted to shop without a wheelchair and, while he was walking in the meat department, slipped and fell, sustaining injuries to his foot and ankle. Id. at ¶¶ 15-17.

Plaintiff filed suit against Defendant in this Court on September 9, 2015. See generally id. In counts one through three of his Complaint, Plaintiff claims that Defendant's conduct amounted to negligence, gross negligence, and breach of contract, in violation of Georgia law. Id. at ¶¶ 18-40. Plaintiff's count four alleges violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 ("Title III"), and O.C.G.A. § 30-4-2(a) ("Section 30-4-2(a)"). Id. at ¶¶ 41-47. Specifically, count four asserts that Defendant has

AO 72A
(Rev. 8/82)

discriminated against individuals with disabilities by failing to make reasonable modifications in its policies or procedures and to make reasonable accommodations for disabled customers, thereby preventing them from enjoying the goods and services that it provides to nondisabled customers. Id. at ¶¶ 43-44. Plaintiff's Complaint enumerates these modifications or accommodations as follows: "offering an employee to guide [Plaintiff or another customer] through the store, warn him of potential hazards, not mislead [him] as to the availability of accommodations, [or conduct] a reasonable investigation of hazardous areas." Id. at ¶ 45. According to Plaintiff, these modifications or accommodations "would have required no special skills or training by Defendant's employees" and "would not have been cost prohibitive." Id. at ¶ 46. As relief, Plaintiff seeks compensatory and punitive damages, attorney's fees and expenses, and an injunction requiring that Defendant comply with Title III. Id. at pp. 15-16.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A responding party thus may move to dismiss the complaint based on a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) ("Rule

12(b)(6)"). In other words, a Rule 12(b)(6) motion challenges the legal sufficiency of the complaint in setting forth a claim to relief. See id.

While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (interpreting Fed. R. Civ. P. 8(a)(2)). To be plausible on its face, a complaint must set forth enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff, therefore, must plead more than mere labels and conclusions, and a formulaic recitation of the elements of a particular cause of action does not suffice. Twombly, 550 U.S. at 555. Rather, at a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

In evaluating a Rule 12(b)(6) motion, a court must "accept as true the facts as set forth in the complaint and draw all

AO 72A
(Rev. 8/82)

4

reasonable inferences in the plaintiff's favor." <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Ordinarily, a court's review on a motion to dismiss is limited to the factual allegations on the face of the complaint, <u>see</u> <u>Iqbal</u>, 556 U.S. at 678, and a party's presentation of matters outside of the pleadings transforms the motion into one for summary judgment, Fed. R. Civ. P. 12(d). However, there are certain instances in which a court may consider matters outside of the pleadings at the dismissal stage, <u>see</u> <u>Davis v. Self</u>, 547 F. App'x 927, 929 (11th Cir. 2013), including, for example, facts that are subject to judicial notice, <u>see</u> Fed. R. Evid. 201(a)-(d); <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

**DISCUSSION**

Defendant now moves pursuant to Rule 12(b)(6) for a dismissal of Plaintiff's count four of the Complaint. Dkt. No. 8-1. Defendant argues that Plaintiff fails to state any plausible claim for relief under Title III, because Plaintiff's proposed policy modifications and accommodations are not reasonable or necessary and would place an undue burden on Defendant and fundamentally alter the nature of its services. <u>Id.</u> at pp. 3-9. Defendant contends that Plaintiff's Complaint also does not make out any claim under Section 30-4-2(a), because that statute pertains to a disabled individual's use of

AO 72A
(Rev. 8/82)

a guide dog and, in any event, is subject to the limitations of Title III. Id. at pp. 9-10.

Plaintiff urges the Court to deny Defendant's Motion in its entirety. Dkt. No. 11. As to his Title III claim, Plaintiff insists that his proposed modifications and accommodations are both reasonable and necessary and would not fundamentally alter Defendant's services, recognizing that he requests individualized attention from Defendant's employees but emphasizing that it would be limited and momentary in nature. Id. at pp. 4-9. Plaintiff also asserts that Section 30-4-2(a) applies generally to the rights of blind individuals, while only a later subsection of the statute addresses guide dogs. Id. at p. 9. In apparent agreement with Defendant's contention that Section 30-4-2(a) does not reach further than Title III, Plaintiff argues only that a favorable ruling on his Title III claim at this stage should result in a similar decision on his analogous state-law claim. Id.

I. **Plaintiff's Title III Claim**

Title III of the ADA prohibits private entities from discriminating against individuals with disabilities in places of public accommodation. Gathright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1272 (11th Cir. 2006). Specifically, Title III makes it unlawful for "any person who owns, leases (or leases to), or operates a place of public

accommodation" to "discriminate[] . . . on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of [such] place of public accommodation." 42 U.S.C. § 12182(a). To establish a claim of discrimination under Title III, a plaintiff must demonstrate three elements: (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against him within the meaning of Title III. Norkunas v. Seahorse NB, LLC, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)). Here, Defendant does not deny that Plaintiff has a disability and that it is an entity covered by Title III. Dkt. No. 8-1, p. 3. Rather, at issue in this case is whether Defendant has discriminated against Plaintiff under the final element.

Discrimination in violation of Title III includes, among other things, the following:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; [and]
>
> . . . a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or

AO 72A
(Rev. 8/82)

otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). Accordingly, to constitute discrimination, a defendant must fail to provide a certain modification or accommodation that (1) would be "reasonable under the circumstances"; (2) would be "necessary for th[e] person" with a disability; and (3) would not "work a fundamental alteration" in the service or accommodation provided by the defendant. PGA Tour, Inc. v. Martin, 532 U.S. 661, 688 (2001). A plaintiff alleging a Title III violation bears the burden of proving reasonableness and necessity under the first and second prongs, and, if satisfied, the burden shifts to the defendant to show a fundamental alteration under the third prong. See Alumni Cruises, LLC v. Carnival Corp., 987 F. Supp. 2d 1290, 1305 (S.D. Fla. 2013) (citing Johnson v. Gambrinus Co./Spoetzl Brewery, 116 F.3d 1052, 1052 (5th Cir. 1997)).[1]

---

[1] As discussed in Alumni Cruises, LLC, the Eleventh Circuit has not addressed the allocation of the burdens of proof in Title III cases where the alleged discrimination involves a covered entity's failure to make a proposed modification, 987 F. Supp. 2d at 1304; nor does it appear to have taken up this issue where the form of discrimination alleged is the failure to provide auxiliary aids or services. However, the Eleventh Circuit has adopted a burden-shifting framework in cases involving an analogous form of discrimination under Title III—the failure to remove architectural and communication barriers—and, in doing so, relied on case law from other circuits that applied

AO 72A
(Rev. 8/82)

8

Relevant to the reasonableness determination is that Title III guarantees those with disabilities "full and equal enjoyment" of public facilities, and, therefore, a covered entity must consider how its facilities are used by able-bodied customers "and then take reasonable steps to provide disabled guests with a like experience." Baughman v. Walt Disney World Co., 685 F.3d 1131, 1135 (9th Cir. 2012) (citing Spector v. Norwegian Cruise Line Ltd., 545 U.S. 119, 128-29 (2005)). A Title III plaintiff must demonstrate that a proposed modification or accommodation to fulfill this objective "is reasonable in the general sense, that is, reasonable in the run of cases." See Johnson, 116 F.3d at 1059; see also U.S. Airways, Inc. v. Barnett, 535 U.S. 391, 401-02 (2002) (plaintiff must show that the modification "seems reasonable on its face, i.e., ordinarily or in the run of cases" (citing Reed v. LePage Bakeries, Inc., 244 F.3d 254, 259 (1st Cir. 2001) (plaintiff must demonstrate that, "at least on the face of things," the proposed accommodation will be feasible for the employer); and

---

this framework to modifications claims. See Gathright-Dietrich, 452 F.3d at 1273-75 (citing Colo. Cross Disability Coal. v. Hermanson Family Ltd. P'ship I, 264 F.3d 999, 999 (10th Cir. 2001)); see also Colo. Cross Disability Coal., 264 F.3d at 1003-04 (citing Johnson, 116 F.3d at 1059). Accordingly, the Court joins the approach of the Alumni Cruises, LLC court in applying the burden-shifting framework in the modifications context, and further finds that this framework is appropriate for claims based on accommodations such as auxiliary aids or services.

Borkowski v. Valley Cent. Sch. Dist., 63 F.3d 131, 138 (2d Cir. 1995) (plaintiff must prove that he seeks a "plausible accommodation"))). Certain considerations bearing on reasonableness include "the difficulty of accomplishing it, the cost of implementation, and the effect of the proposed modification on the economic operation of the entity." Alumni Cruises, LLC, 987 F. Supp. 2d at 1305 (citing Gathright-Dietrich, 452 F.3d at 1274); see also Baughman, 685 F.3d at 1135 (assessing cost, disruption to the entity's business, and safety). The reasonableness of a proposed modification or accommodation presents a question of fact; however, where a reasonable jury could not find otherwise, a court may find the modification or accommodation to be unreasonable as a matter of law. Alumni Cruises, LLC, 987 F. Supp. 2d at 1305 (citing Mary Jo C v. N.Y. St. & Local Retirement Sys., 707 F.3d 144, 153 (2d Cir. 2013); Crowder v. Kitagawa, 81 F.3d 1480, 1485 (9th Cir. 1996); and Keith v. Cty. of Oakland, 703 F.3d 918, 927 (6th Cir. 2013)).

Plaintiff does not plausibly allege that Defendant failed to make any reasonable policy modification or to provide any reasonable accommodation to him on the day of the incident. "Full and equal enjoyment" of Defendant's facility by individuals with disabilities contemplates that such individuals be able to enter and access all areas of the store and select

10

and purchase merchandise. In his briefing, Plaintiff summarizes the modifications and accommodations that he contends Defendant would need to make to achieve this level of access, as follows: (1) Defendant's employees would need to not mislead Plaintiff and other patrons as to the availability of manual wheelchairs; (2) employees would need to investigate the premises for potential hazards; and (3) employees would need to guide Plaintiff and similar patrons through the store and warn them of potential hazards. Dkt. No. 11, pp. 4-6.

Plaintiff's first request—that employees be required not to mislead Plaintiff and others about wheelchair availability—is not reasonable as a matter of law. Title III does not mandate that a covered entity like Defendant provide its customers "with personal devices, such as wheelchairs." 28 C.F.R. § 36.306; see also id. at pt. 36, app. C. Because Defendant's failure to have a policy or make an accommodation to furnish manual wheelchairs itself would not constitute discrimination under Title III, it follows that any information given by its employees as to the availability of such wheelchairs could not create a cognizable discrimination claim. Instead, allegations of this sort are more appropriately resolved under state contract law, as demonstrated by Plaintiff's breach of contract claim in count three of the Complaint, see Pl.'s compl., ¶¶ 35-40, which Defendant has not moved to dismiss.

AO 72A
(Rev. 8/82)

Plaintiff's second proposed modification or accommodation, which involves inspection procedures, similarly fails the reasonableness requirement, because—evening assuming that Defendant has no such procedures in place—its failure to maintain and warn of store conditions would affect all customers alike, not just those with disabilities. Accordingly, this conduct could not be considered discrimination "on the basis of disability" under Title III, see 42 U.S.C. § 12182(a), and any modification or accommodation to this end would not be for the purpose of ensuring that customers with disabilities have equal enjoyment of the store. Defendant's inspection practices are more properly the subject of a state-law negligence claim like that in count one of Plaintiff's Complaint, see Pl.'s compl., ¶¶ 18-27, which also is not challenged by Defendant at this stage.

Equally insufficient is Plaintiff's third proposal, which would involve one of Defendant's employees guiding Plaintiff and similar patrons through the store and warning them of dangers. Under Title III, a covered entity is not obligated to provide "services of a personal nature including assistance in eating, toileting, or dressing." 28 C.F.R. § 36.306. Notably, "momentary individualized attention" is often required by both disabled and nondisabled patrons alike and, therefore, does not amount to a "service of a personal nature." Alumni Cruises, LLC, 987 F. Supp. 2d at 1309 (additional staffing and training

AO 72A
(Rev. 8/82)

of cruise ship employees to supervise children with developmental disabilities was not unreasonable, in part because the "momentary individualized attention" needed by such children was no greater than that required by any child and thus was not a "service[] of a personal nature"). Accordingly, while "retrieving an item from a shelf might be an 'auxiliary aid or service' for a blind person who could not locate the item without assistance . . . or a reasonable modification to a self-service policy for an individual who lacked the ability to grasp the item," a covered entity "would not be required to provide a personal shopper" for a disabled customer. 28 C.F.R. pt. 36, app. C.

Pretermitting whether any of Defendant's existing employees are adequately trained to guide blind customers (and any liability issues that might arise from their doing so), Plaintiff's requested modification or accommodation contemplates Defendant offering a personal service for these specific customers. Far from momentary individualized assistance, Plaintiff seeks to have an employee personally accompany him or another blind customer through the entire store for the duration of his shopping experience, which seemingly would include leading him down the aisles of merchandise and also through restroom facilities and any food-service areas that may be present. Moreover, what Plaintiff envisions would involve, in

AO 72A
(Rev. 8/82)

part, an employee playing the role of a personal shopper. See *Personal Shopper*, Oxford Dictionaries, http://www.oxforddictionaries.com/us/definition/american_english/personal-shopper (last visited June 27, 2016) (defining "personal shopper" as including "[a]n individual who is paid to assist another to purchase goods, either by accompanying them while shopping or by shopping on their behalf"). As these services do not, as a matter of law, lie within Defendant's obligations to accommodate disabled customers under Title III, Plaintiff's proposals to this effect are not reasonable.

Plaintiff thus fails to plausibly identify any reasonable modification or accommodation required of Defendant under Title III. Because Plaintiff does not make a sufficient showing on the "reasonableness" element of his prima facie case, the Court need not reach the issues of "necessity" and "fundamental alteration" to conclude that Plaintiff cannot sustain a Title III claim. This portion of Defendant's Motion is, therefore, **GRANTED**.

**II. Plaintiff's Section 30-4-2(a) Claim**

Section 30-4-2(a) states, in relevant part, that "[b]lind persons . . . are entitled to full and equal accommodations, advantages, facilities, and privileges . . . [at] places of public accommodation . . . , subject only to the conditions and limitations established by law and applicable alike to all

persons." O.C.G.A. § 30-4-2(a). The statute goes on to discuss, in the next subsection, the right of a person with visual or other physical impairments to be accompanied by a guide dog or service dog at places of public accommodation. Id. § 30-4-2(b). While courts have applied this statute in the context of a denial of access to a place of public accommodation based on a disabled individual's use of a service animal, see, e.g., Amick v. BM & KM, Inc., 275 F. Supp. 2d 1378, 1382-83 (N.D. Ga. 2003), it is unclear in the case law whether the first subsection, standing alone, is intended to serve more generally as a bar on any discrimination on the basis of a disability in a public accommodation, such that situations not involving the use of a service dog would come within its scope.

Even assuming, without deciding, that Section 30-4-2(a) does protect against any disability-based discrimination at Defendant's store, Plaintiff does not plausibly allege that any such discrimination has occurred. As Plaintiff implicitly recognizes in his briefing, see dkt. no. 11, p. 9, Section 30-4-2(a) is "subject only to the conditions and limitations established by law and applicable alike to all persons," O.C.G.A. § 30-4-2(a), and, therefore, this provision is limited by and affords no greater protection than the generally applicable terms of Title III. Because Plaintiff fails to make out any plausible Title III violation for the reasons discussed

AO 72A
(Rev. 8/82)

supra, his claim pursuant to any state-law counterpart would similarly fail at this stage. Defendant's Motion as to Plaintiff's Section 30-4-2(a) claim is thus **GRANTED**.

**CONCLUSION**

Based on the foregoing, Defendant's Motion to Dismiss (dkt. no. 8) is **GRANTED**. Plaintiff's Title III claims set forth in count four of the Complaint are hereby **DISMISSED** for failure to state a claim. Plaintiff's other claims remain pending.

**SO ORDERED**, this 9TH day of August, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

16